Good morning. Good morning. This is the Court, Rich Llewellyn-Jones, appearing on behalf of the petitioner in this matter. I would like to reserve three minutes, given the crowd behind me. This one? I think one of the cases that came about in the 28Js was the Frias case. Yes, Your Honor, that is true. So I'm just wondering, which it appears to preclude borrowers from bringing claims for damages under the Deeds of Trust Act until there is a completed trustee sale. Is there a completed trustee sale here? No, Your Honor, but that is only part of the issue with regard to Frias. And thank you for ‑‑ So that's where I kind of would like you to start, because if not, doesn't Frias bar Bavand's DTA claims? No, Your Honor. Okay. Tell me why. Under Frias, the Court said that there was no independent basis for damages, a claim for damages under the Deed of Trust Act. However, the Court then went on to say that damages, both for injury and monetary damages as well as injunctive relief, is available under the Consumer Protection Act, which is currently before this Court as well. So while this Court may be familiar with Judge Robart's Votter decision, which was roundly repudiated in the Walker decision, the Frias Court did not set or address Walker and Votter per se. But what it did, in what I personally believe is a poorly reasoned decision, I favor Judge Wiggins' decision in many regards, more principled. But what the majority did do is they said, No, there is no cause of action for damages embodied in the Deed of Trust Act, focusing in on the provisions of RCW 6124.127. No similar right to relief anywhere else in the statute, never mind the use of the word waiver. But they did say that those same issues could be recategorized or reformulated in a Consumer Protection Claim, which is what we have here today. I thought the Consumer Protection Claim was remanded to State Court. Yes, Your Honor. It was. Unfortunately, we are here today to deal with some of the claims that should be. Pardon me? Right. And so if this Court were to Some of the claims that are properly before us, why should you prevail? Because my cause is trust. I thought what you had left was a claim. Basically, the only thing you possibly could allege here was a claim for damages for violating the Deed of Trust Act. Oh, no, no, no, no. Well, the Deed of Trust Act claims are still viable. We have violations of the fiduciary duty of good faith by the trustee. We also have violations of the Deed of Trust Act. We also have issues of fact with regard to whether or not the One West was a holder of the note. Did you dispute that? Yes. Well, tell me what's disputed on that. Well, first of all, we know from the evidence that was adduced and presented at the time of the summary judgment that One West was merely the servicer. The only rights that were conveyed to One West were servicing rights. We also have the issue of the two notes. But there's pretty strong documentation that they were also the holders of the note. Well, that's the problem, isn't it? The issue of holder is one of some dispute under Washington law, and what the trial court did was just simply, in fact, didn't even address the issue of who the holder might be. The fact of the matter is that the note itself defines the term holder, and that was never addressed by the trial court. In the note itself, the holder is defined as the party who is entitled to the stream of payments. The best that One West could claim was that they're entitled to fees from their principal on that basis. So the issue of holder was simply ignored. As to holder within the under Washington law, an agent of a holder is not a holder and cannot clothe themselves with those sorts of. So under your theory, who is holding the note? Well, we don't know. We don't know. But I would argue, Your Honor, that the holder of this particular note is Freddie Mac or a securitized trust that Freddie Mac assigned the note to. And the critical question, which was ignored by the trial court, was whether or not it was transferred to Freddie Mac before the bankruptcy or after the bankruptcy. We don't know. I misread the declaration, but I thought the declaration said that One West had the note. It was entrusted to some lawyer's office in a safe deposit box where it was readily available. No, that is not true, Your Honor. That's not true? No. What did I read? I don't know, Your Honor. But I will say this. Wasn't there a declaration filed in support of the motion for summary judgment? Yes, there was. The declaration of Charles Boyle, a gentleman whose reputation has been roundly repudiated by several jurists here in this district. But by the same token, he also says that it went to Deutsche Bank as a custodian, which is very typical in these matters. Deutsche Bank is not One West. Deutsche Bank is an institutional custodian. And there will be some argument, I imagine, that there is some rule of law that allows. It seems to be. You know, I'm getting confused here. It seems to be like that we're, you know, I'm familiar with that declaration as well, and we seem to be talking about a different. I mean, I feel like we're talking past each other, that you're talking about a case that, and we read some other case. But let me ask you about the quiet title claim. That is gone, Your Honor. You concede, then, that she's unable and unwilling to pay off her debt, so that gets rid of the quiet title? Well, no. Walker gets rid of the quiet title. Walker stood for the proposition that the quiet title action is not defensible in the State of Washington. But that isn't the point. Well, I don't, you know, well, maybe you should clarify for us. What is, what are you seeking to accomplish in this lawsuit? What I would like the court to do is to remand this matter back to the trial court. No, no, no. The underlying lawsuit before this appeared, when you started out, what is it that you're asking? What are you trying to do? Cancel the deed of trust? No. Cancel the note? Get damages? What is it that you're asking?  What she wanted was an opportunity to modify the loan. And the only way she can do that is to find the actual holder of the note, the one with the skin in the game. One West is not that entity. And the question then becomes where, and I'm referring to Bain, the Bain decision said those are relevant issues, and unless we can find the real note holder, as defined by the note itself, she won't be able to get anything but partial relief because the servicers, by the fact that they are mere agents, are constricted by their agency relationship. And without knowing who the principal is and addressing the principal directly, she won't be able to do much more than go around a big circle with regard to the constricted elements of their agency relationship. So what she wants is a modification of the obligation. So did you try to get a modification with One West? We have. And they just said we're not the holder of the note, we can't do anything to help you? See, it was far more nuanced. No, you don't qualify. Well, why isn't that an answer? I mean, are you entitled to modify? Is there something that gives you the right to modify? No, we're entitled to know who the owner of the note is. So you've been to One West and asked if they would modify it, and they said no. Did they say they were no because they weren't the holder of the note? They didn't say anything of the sort. They just said no. Okay. You don't qualify. See, here's the problem. Well, no and no, you don't qualify are two different answers. A no answer could be no for any reason. A no, you don't qualify suggests that they are the holder of the note and you didn't qualify on the merits. But even that's ambiguous, which is an issue of fact which should have been addressed by the trial court and wasn't. I think to answer your question, she did not qualify for a HAMP modification, which is a very structured modification regime. So are you entitled to an explanation from – let's suppose that One West is the holder of the note. Are you entitled to an explanation from them? You're not entitled to modification. You told me that. So is she entitled to some greater explanation than you don't qualify? Oh, no, she's entitled perhaps to some other modification regimes. HAMP is only one. There might be in-house. Did she apply for those? Applications were made, yes, Your Honor. Okay. And what happened to them? Well, she doesn't qualify. We hit a stone wall. Okay. And that was the response by One? One West. By One West. But One West may not have the authority to do so, and that's the whole gravamen of this. You're presuming that One West is the holder of the note with authority to do anything, and that is the essential issue here that I'm raising. One West is not the holder of the note. One West is not the owner of the note. Did she apply to anybody else for modification? I'm not aware of any. Did she apply to Freddie Mac? Well, I don't know that, Your Honor. I mean, since she isn't sure that she applied – she applied to One West, and since she isn't sure that she applied to the right company, did she try applying to somebody else to see whether they would modify for her? I can't answer that question, Your Honor. I don't know. At this point, you know, we filed this in 2011, and we were negotiating. Other offers were made through counsel. What happened to the case that was remanded to Superior Court? It's sitting. There's been some discovery done. But I think the attorneys understand that, you know, until this is resolved, we really can't go forward. And the problem that I have is that if this court – So now what are you asking this court to do? I'm asking this court to remand so I can perhaps remand to the federal court so I can renew my petition to have the other claims that were factually – where there were factual issues still outstanding be remanded back to the state court. That would be my wish because there are too many factual issues that were simply glossed over by the trial court when it oversimplified Ms. Bivan's claims. And unfortunately, the trial court did not have some of the case law we now have. Had Judge Robart Walker Bivan, the Frias case, Myers, Henry Myers before him, he may have weighed the facts a little differently. The only case he had was the Bain case, as I recall, and he had Albus and he had Clem and Schroeder at his disposal. So that's the gravamen of the issue. Did you want to save ten minutes? I did. Thank you very much, Your Honor. May it please the Court. Sakai Sakai for One West Bank. I'll have seven minutes for One West Bank. Fred Berntheit for MERS will have five minutes. And Joshua Sher, counsel for Northwest Trustee Services, will have three minutes. This Court should affirm the District Court's ruling for three primary reasons. First, Marissa Bivan's claims are based on a misunderstanding of who qualifies as a beneficiary under the Deed of Trust Act. Second, there is no cause of action under the Deed of Trust Act absent a completed foreclosure sale. The evidence establishes that One West Bank was a holder of the promissory note at all times during this foreclosure process. Well, what is he's – that's what I asked. He said it's disputed. So what are the facts in the record about who the holder in the note is? Because obviously, Miss Bivan gets all inferences in her favor. The testimony of Charles Boyle sets forth the process by which One West Bank acquired possession of the promissory note on March 19, 2009, through the FDIC acting as conservator over IndyMac Bank FSB. Marissa Bivan submitted no evidence to the contrary that would call into question One West Bank's possession of the note. Miss Bivan relies on speculation, which does not create a genuine issue of material fact. Well, now, I asked him about the Frias or Frias case and your counsel for the appellant, and to the extent that Bivan alleges declaratory and injunctive relief, what effect, if any, does Frias have on that? And even if we accept Frias' binding, do Bivan's claims for declaratory relief and injunctive relief survive? I believe Bivan's claim for declaratory relief and injunctive relief survived because Frias applies to a claim under the Deed of Trust Act for Deed of Trust Act violations absent a completed foreclosure sale. It doesn't apply to a declaratory relief claim, which is separate. Regardless of Frias, the evidence establishes that the declaratory relief claim and all of the other claims were properly dismissed, as One West Bank did have the requisite authority to appoint Northwest Trustee Services as trustees to effectuate the nonjudicial foreclosure sale. Under the Deed of Trust Act, it is the beneficiary that has authority to effectuate a nonjudicial foreclosure sale. But on the Deed of Trust, One West was not named as the beneficiary, right? Correct. One West is a successor. MERS was named as the beneficiary. Correct. And One West – but the Bain decision and a lot of other Washington cases established that the beneficiary is the holder of the note. So the fact that MERS is named as beneficiary – Does it make any difference whose name is on the Deed of Trust? Correct. I think Bain is very clear that it is the original lender or its successors or assigns. Moreover, the term beneficiary is guided by the Uniform Commercial Code's definition of holder, so it's the holder of the note, the party with possession of the note, and the requisite endorsements. In this case, the evidence established that One West Bank was the holder of the note. Does the grantor of the Deed of Trust have a right to know who the actual holder of the note is or who the beneficiary is on the Deed of Trust? Correct. Under the Deed of Trust Act, when a foreclosure is proceeding, the foreclosure notices will indicate who the beneficiary is. If the borrower elects for mediation under the Foreclosure Fairness Act, the beneficiary is required to send a representative. And here all the notices showed that One West was the beneficiary under the Deed of Trust? Correct. All the foreclosure notices? I believe one of the notices incorrectly identified One West Bank as the owner of the note, which was incorrect. But our contention is there was no prejudice suffered as Washington case law and evidence establishes that One West was, in fact, the beneficiary with the authority. The owner of the note was Freddie Mac? Correct. Freddie Mac had an ownership interest in the payments of the note. So is prejudice the touchstone there? Prejudice is a touchstone in regards to the notice of default and the notice of trustee sale, but those are Deed of Trust Act violations that fails the matter of law under FREOS. Our contention is that under the declaratory relief claims, the whole claim is really based on a misunderstanding of what it means to be a beneficiary under the Deed of Trust Act. Is it the owner of the loan or is it the holder of the note? And we believe that Washington case law is clear that it is the holder of the note. The UCC is very clear on who is entitled to enforce the note. I believe Section 3301 establishes that there's various parties who are entitled to enforce the note. It could be the holder of the note, a nonholder in possession with the rights to enforce it. What is clear is that the owner of the loan, the owner of the note, is not a party that's entitled to enforce the note under the Uniform Commercial Code. So what do you understand the claims to be? My understanding of the claims in front of this Court right now are the claims that the district court got rid of. I mean, the district court on several claims dismissed them, granted some re-judgment in your favor, got rid of them, and then remanded the Consumer Protection Act claim to Superior Court, right? My understanding of the current. So what claims were eliminated? The declaratory relief claim, the Federal Fair Debt Collection Practices Act claim, the Deed of Trust Act claim, the injunctive relief claim, and the quiet title claim. Okay, so tell me again why the injunctive relief and the declaratory relief Act claims don't survive. Well, to prevail on an injunctive relief claim, you have to establish a substantial likelihood on the merits. In this case, there is no chance that Marissa Bavon will prevail on her claims because the evidence establishes that One West Bank did, in fact, have the requisite authority to proceed with the foreclosure sale. Likewise, with the declaratory relief claim, the crux of Marissa Bavon's claim. So if there was a triable issue over whether One West was the holder of the note, what would be left? If there was no triable issue as to whether One West was the holder of the note. If there was a triable issue. All right, you're claiming that because that was one of the pins that makes you successful, that you're saying there is no triable issue that One West was the holder of the note. Therefore, well, let's say if we thought, assume hypothetically, that there is a triable issue that One West, whether One West was the holder of the note, then what would survive? Potentially any damages suffered by Marissa Bavon based on actions of the defendants, but we believe that there was no prejudice. But what causes of action? Okay, because I think I heard the appellant concede that the quiet title is gone, that there, that. Because there's no foreclosure sale, the only other cause of action would be the declaratory relief claim because under the Fair Debt Collection Practices Act claim, the record establishes that One West was, in fact, authorized to proceed with enforcing the negotiable instrument. The only claim that she possibly has is under the Deed of Trust Act. No, the declaratory, we believe the only claim would be. Well, you have declaratory relief based on some violation. Correct. Parties contend that they have competing rights and want the court to declare what the rights are. Correct. Doesn't that derive from the Deed of Trust Act? Correct. The entire lawsuit in its entirety is based on alleged Deed of Trust Act violations. And your point here is that there was no Deed of Trust Act violations because One West was always the holder of the note. Correct. It was a beneficiary under the Deed of Trust Act and the Uniform Commercial Closure. And under FRIAS, she can't get damages. There is no cause of action, exactly. You're going into your other people's time, so they're getting jumpy down there. Thank you, Your Honor. Thank you, Judge Callahan, for noticing that. I see that fidgeting down there. Good morning, Your Honors. My name is Fred Burnside. I'm here representing MERS, and I have just a very few brief comments I want to make. What I want to do is discuss really the one fact relevant to MERS in this case. I want to explain why Judge Robart got it right in dismissing the claims and, of course, answer any questions you have. I want to first address something, Your Honor, Judge Pez said about MERS on the Deed of Trust. MERS is listed as a beneficiary solely as nominee for the lender, which is disclosed immediately above MERS. So there's no ambiguity on the… Yeah, but the average consumer doesn't know. I mean, you look at those documents. Nominee could be whatever. Absolutely. There is no entity called – there is no person called Freddie Mac, right? So whoever it is, you have to use an agent. If it's MERS or somebody else, it doesn't really matter. Everybody has to use. An agent. But she signed the Deed of Trust, defaulted, and then in June 7, 2011, MERS assigned its nominee interest back to One West Bank. Three months before… What interest does a nominee have? A nominee interest has an interest basically to act as an agent. I'm a nominee right now. I have an interest in acting as an agent for MERS. I mean, it is the right to act as an agent for a principal. And effectively what happens, I think Judge Kavanaugh… But there are no substantive rights with that. There are no substantive rights granted in the document allowing you to be an agent. I mean, certainly MERS has a right to take actions on behalf of the note holder. But vis-à-vis the borrower, I would say no. I mean, it has rights laid out in the Deed of Trust. They're explained defining how MERS acts as an agent. But I'm not sure if I'm answering your question. But you would agree that under the Bain decision, MERS couldn't initiate foreclosure proceedings. Not absent direct authority from the note holder. But, you know, Bain specifically says, there's nothing in this opinion to be read to hold that an agent can't act on behalf of the note holder. And so, you know, in that vein, I think that nothing in Bain suggests that MERS can't act as a nominee. But June 7, 2011, MERS assigns its interest. That's it. No foreclosure sales pending. Three months later, it starts. But foreclosure had already… No. There was no notice of trustee sale been issued at that point. She was in default. There had been notice of default issue. There had been a notice of default. That's the first step in the foreclosure proceeding, correct? Well, it's required in the statute, absolutely. But, I mean, people get noticed as a default and cure all the time. There was no foreclosure sale scheduled. Let's put it that way. And MERS was done at that point. And I find it somewhat ironic, and I don't use that term loosely, but on the one hand, the plaintiff complains, MERS, you shouldn't be on my deed of trust. And then second, now you're trying to get off. That's actionable, too. Well, which is it? You know, MERS has a right to act as an agent for a principal. And finally, its principal said, get off the deed of trust. Assign your interest back to us. So it does. That is it. MERS had no contact with the borrower. No writings to the borrower. The borrower never saw the assignment. The borrower isn't a party to the assignment. The borrower likes standing up to challenge the assignment. Ultimately, the assignment is utterly irrelevant to anything with respect to Mr. Boone. By the time the notice of sale was given, MERS was out of the picture? Yes. MERS executed the assignment on June 7, 2011. The notice of trustee sale didn't occur until September 2011. That's three months later. So literally, it did nothing with respect to the foreclosure. And one point I want to clarify from the plaintiff's briefing is he argued in his briefing that the assignment references the note, that MERS is trying to assign the note in the deed of trust. Not true. The assignment doesn't mention the note at all. In fact, Ms. Bivan's declaration comments on the fact that MERS wasn't assigning the note and wondering aloud what it could assign if it was not assigning the note. So that's just not true and distinguishes the connect case that Mr. Jones cites. But ultimately, you know, with that assignment, I think it kind of kills their claims. The Declaratory Judgment Act claim fails because MERS didn't try and foreclose. MERS had nothing to do with the foreclosure. It played no role in the foreclosure. So there can be no action suggesting that it should be declared not to be foreclosing because it isn't foreclosing. Second, the wrongful foreclosure claim fails under FRAIS. I was counsel of record in that case. We won. It's over. There is no pre-sale claim for damages. Third, he didn't appeal, really, or argue the FDCPA claim, so I think that's gone. He's conceded Walker. So really, all that he has left to argue about is apparently the declaratory judgment claim on facts that don't suggest MERS did anything. So for those reasons, because MERS had no contact with the borrower, made no representations to the borrower, never tried to foreclose, we think you should affirm as to MERS. And I'll save the rest of my time for Mr. Sher. Thank you, counsel. Good morning, Your Honors. May it please the Court, Joshua Sher representing Northwest Trustee Services. Your Honors, as has been mentioned, the FRAIS case resolves the wrongful foreclosure, Deed of Trust Act-type claim because this is pre-sale. Insofar as the other claims, declaratory relief, the apparently conceded quiet title claim, and the FDCPA claim, all of those claims, as Mr. Sakai pointed out, are derivative of Ms. Bavand's theory that One West was not the note holder. But the evidence is completely contrary in the record to Ms. Bavand's speculation. Essentially, what Ms. Bavand has done in her complaint is come forward and say, no, you're not. And that's good enough to create a genuine issue of disputed fact. Well, that's not. That's rank speculation. I think to use an analogy from Judge Bybee in the last case that you heard, if I were to come forward and say, you're 5'2", and please prove otherwise, certainly you could produce evidence saying, no, that's not true. I'm not 5'2". Well, that's essentially Ms. Bavand's allegation is she just keeps saying, no, you're not. You are 5'2". You are. That's a genuine issue of disputed fact, and I should get a trial. That's not enough. Counsel Mr. Jones said this morning he has no idea who holds the note. It's total speculation. It might be a trust. It might be somewhere. It might be Freddie Mac. Well, Mr. Boyle testified in his sworn declaration that One West was the note holder, One West appointed Northwest trustee, and Northwest trustee issued the requisite notices under the deed of trust. I think there was some indication, and so I want to go to what the record in front of us is that Mr. Boyle is a shady character or something along those lines. What does this record show? There's nothing about Mr. Boyle, Your Honor. Mr. Boyle testified as One West's corporate representative, provided evidence explaining that the copy of the note that was provided with the summary judgment was the actual original note. There was some question raised by Ms. Bavand about another copy of the note that Indy Mac had endorsed at some other time. Mr. Boyle was unequivocal, both in his testimony and his affidavit, that that was some other copy that was not the original note. The original note, as I testified in my declaration, was in my office, and the copy that was attached to the summary judgment was a true and correct copy of that original note. It was endorsed in blank. It was held by One West. That makes them the holder. That makes them the beneficiary. That's all there is to it. It's straightforward application of commercial paper law that One West was the beneficiary. Insofar as Northwest Trustee, even though the Deed of Trust Act claim fails as a matter of law under FRIAS, it bears mention that Ms. Bavand is incorrect about a trustee's duties in Washington. It is not a fiduciary. RCW 6124010 makes that very clear. It's a duty of good faith. There is also no duty for Northwest Trustee to have gone out and verified or done some other double-checking of information. Judge Peckman in the Mickelson decision, which this court recently affirmed, clearly articulated that a trustee does not have a duty to double-check in some format, unspecified way, the information being provided to it. Everything Northwest Trustee was given in this case said One West Bank. Everything Northwest Trustee issued in this case said One West Bank. There is simply no genuine issue of disputed material fact that One West Bank was the noteholder entitled to foreclose. Lastly, Your Honors, the denial of Ms. Bavand's partial summary judgment motion, even if permissibly subject to appeal, Ms. Bavand simply doesn't receive a free pass against the trustee or any other defendant on the deception and public interest elements of the CPA claim, simply because she signed a deed of trust naming MERS. So we ask this court to affirm the district court's decision below. Thank you, Your Honors. Thank you. Thank you, counsel. You had three minutes left. Three minutes and 35 seconds or something. Nine seconds. What is totally lacking in the conversation that the court has with the appellees is the issue of agency and authority. That's the gravamen of these cases. One West claims to be the holder of the note, but it is not under the terms of the note itself, not the party to whom the payments are to be received. They are merely a servicer. When they received their authority, it was only the servicer. Specifically in the record, what is your evidence other than your client's claim? Just saying something isn't enough. What is the evidence in the record that disputes that one West is the holder? Well, on summary judgment, the burden was on the appellees to come forth with evidence that showed that he was. Well, and they do have a declaration. They have all of that. So what is your evidence that disputes that? Not just, I don't believe it. Just what is the evidence? That Freddie Mac is the owner of the note and entitled to the payments. That was in Mr. Boyle's declaration itself. The existence of a holder, which is contrary to the allegation of being the beneficiary, is also a problem. I would also point out the fact that MERS. All right, I'm looking at the Boyle declaration. Which paragraph? I'm sorry, I don't have that in front of me. Okay, and what is it that you think that Boyle said that said that Freddie Mac is the holder of the note? Mr. Boyle said that Freddie Mac is the owner and investor. That suggests and raises the inference that they are the ones under the promissory note. Well, he recites a history, and then he recites in paragraph 4, One West acquired certain of the assets owned by IndyMac Federal Bank FSB and the failed thrift IndyMac Bank FSB, including the servicing rights and Bavon's loan and possession of the original note and deed of trust. Okay, so what's the problem? Well, possession under an agency relationship does not make you the holder. When you are acting as an agent and a custodian of a document. I don't see anything in here that talks about Freddie Mac that would suggest that Freddie Mac is the holder. In his declaration, probably not. What he does identify is the fact that One West was holding it under the servicing contract. Back to Judge Callahan's question. What evidence did you come forward with to show that One West was not the holder of the note? The note itself and the statements that are in the note itself, the fact that there had been no establishment of any agency relationship, the fact that One West obtained its interest in the note through an assignment of the note and deed of trust through MERS that had no right whatsoever to assign anything under Bain. That whole assignment is a nullity. So when you look at what evidence there was to support the allegation that One West was the holder, other than their bare assertions, there is nothing. I'm looking at what I think is the promissory note, and that shows that IndyMac is the lender. Is that? IndyMac, that is correct. But IndyMac isn't around anymore, right? No, neither is IndyMac Bank. It can't be the holder. Well, and we also have the statement in the record. It isn't in Mr. Boyle's. It would probably be in the declaration of Northwest Trustees Services materials that Freddie Mac was the owner of the obligation. Now, there's been a lot of confusion in that, you know, who, and that's one of my client's claims with regard to the deed of trust violations, that there's no indication who these people are. It just goes around in a circle. Okay. Over your time. Thank you very much. Thank you, counsel. We appreciate your arguments. This matter is submitted.
judges: Paez, Bybee, Callahan